E-FILED | 4/4/2025 3:15 PM
CC-10-2025-C-60
Fayette County Circuit Clerk
Travis W. Prince

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

FAST LAW OFFICE LC and
FAST ENTERPRISE COMPANY,

      Plaintiffs,

v.

                                      Civil Action No. _____

FARM FAMILY CASUALTY
INSURANCE COMPANY,

      Defendant.

# Complaint

Plaintiffs, Fast Law Office LC and Fast Enterprise Company (collectively "Plaintiffs"), by counsel, respectfully state as follows for their Complaint against Defendant Farm Family Casualty Insurance Company ("Farm Family" or "Defendant"):

## Parties

1. Plaintiff Fast Law Office LC is incorporated and organized under the laws of the State of West Virginia, with its principal place of business located in Fayetteville, Fayette County, West Virginia.

2. Plaintiff Fast Enterprise Company is incorporated and organized under the laws of the State of West Virginia, with its principal place of business located in Fayetteville, Fayette County, West Virginia.

3. Defendant Farm Family Casualty Insurance Company is an insurance company authorized to conduct business in the State of West Virginia and engaged in the business of selling insurance policies, adjusting claims, and making payments on insurance claims. Its principal place of business is located at 344 Route 9W, Glenmont, New York 12077.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this civil action under West Virginia Code § 51-2-2(b), as the amount in controversy exceeds $7,500.00.

5.      Venue is proper in Fayette County under West Virginia Code § 56-1-1 because the insured property is located in this County, and the acts and omissions giving rise to this action occurred in whole or in substantial part here.

## Factual Allegations

6.      At all relevant times, Plaintiffs maintained a commercial property insurance policy issued by Defendant, identified as Policy No. 4710X0079 ("the Policy").

7.      The Policy provided coverage for Plaintiffs' building and related business interests located at 201 Court Street, Fayetteville, West Virginia ("Property").

8.      At all relevant times, Fast Enterprise Company owned the Property, and Fast Law Office L.C. occupied the Property for commercial purposes.

9.      For more than eighteen (18) years, to date, Plaintiffs paid all premiums due and complied with all terms, conditions, and obligations under the Policy, which premiums Farm Family has always accepted and enjoyed.

10.     The Policy was in full force and effect at all relevant times.

11.     On or about April 4, 2023, a covered loss occurred at the Property when a large SUV vehicle crashed into the front of the insured office building on the Property with such force and acceleration it created spin marks on the porch walk areas.

12.     The incident caused substantial physical damage to the Property, adversely affecting its structural integrity and impairing Plaintiffs' ability to conduct business operations.

13.     Plaintiffs incurred costs cleaning up debris on the Property following this accident.

14.     The Policy provided that Defendant "will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."

15.    The Policy identified the Property as Covered Property.

16.    As an all-risk Policy, the Policy covered the Property for the damage caused in the accident.

17.    The Policy provided coverage for, among other things: (1) debris cleanup; (2) Property damage; and (3) business interruption.

18.    On or around April 6, 2023, Plaintiffs promptly notified Defendant of the incident and filed a timely insurance claim, which was assigned Claim No. 47-X-4LY136 ("Claim" or "Insurance Claim").

19.    Under West Virginia law, Plaintiffs qualify as first-party claimants under this Insurance Claim.

20.    On or around April 6, 2023, Defendant acknowledged the Insurance Claim and initiated an investigation.

21.    With Plaintiffs' Insurance Claim opened, on April 10, 2023, Plaintiffs retained Alliance Consulting ("Alliance Consulting") to inspect the Property following the vehicle impact.

22.    Daniel R. Shorts ("Mr. Shorts") conducted the inspection of the Property.

23.    At all times, Mr. Shorts was a West Virginia licensed engineer.

24.    Alliance Consulting confirmed extensive structural damage, including compromised masonry walls, displaced steel lintels, damaged framing and support beams, and potential foundation issues.

25.    Alliance Consulting deemed the affected area structurally unsound and recommended demolition and reconstruction to restore the Property's structural integrity.

26.    On October 25, 2023, Plaintiffs provided Defendant with copies of Alliance Consulting's reports from its inspections of the Property.

3

27. On April 10, 2023, Plaintiffs retained Radford & Radford Construction to prepare a detailed bid proposal for repairs to the Property.

28. Based on its site inspection and Alliance Consulting's structural report, Radford & Radford estimated the total cost of repair and reconstruction at $248,883.00.

29. On October 25, 2023, Plaintiffs provided Defendant with a copy of the Radford & Radford Estimate.

30. Under West Virginia Code of State Rules § 114-14-6, Defendant, as an insurer of West Virginia property, owed Plaintiffs, as first-party claimants, a duty to promptly conduct and diligently pursue a thorough, fair and objective investigation without unreasonable delay.

31. Defendant failed to promptly and diligently conduct an investigation of Plaintiffs' Insurance Claim.

32. At various times throughout the Claim, Defendant failed to send Plaintiffs update letters concerning the investigation of the Insurance Claim and the reason for the delay in making Plaintiffs a settlement offer.

33. On November 27, 2023, Defendant provided its first investigation update to Plaintiffs and indicated that a settlement offer was pending Defendant's adjuster completing a building estimate.

34. Two hundred nineteen (219) days after Plaintiffs made the Insurance Claim, Defendant began its Xactimate estimate.

35. On December 11, 2023, Defendant completed its Xactimate estimate and estimated the replacement cost damages to the Property at $47,483.81.

36.     Upon information and belief, Plaintiffs are informed, believe and therefore aver that Defendant completed the Xactimate building estimate after an inspection from an out-of-state entity referred to as "Countrywide" in late fall or early winter of 2023.

37.     On December 13, 2023, Defendant provided Plaintiffs with a check for $46,483.81, which represented the Xactimate estimate, minus Plaintiffs' deductible for $1,000.00, holding out and representing the damaged building could be fully and properly repaired for that amount.

38.     The settlement offer only related to Fast Law Enterprises' claim for damages to the Property and failed to include money for other coverages available under the Policy.

39.     Fast Law Enterprises took issue with Defendant's Xactimate estimate as it amounted to a mere fraction of what it would take to restore the property to its pre-loss condition.

40.     Two hundred fifty-one (251) days after Plaintiffs made the Insurance Claim, Defendant retained Keystone Experts ("Keystone") to inspect Plaintiffs' Property.

41.     William Lewis ("Mr. Lewis") did the inspection and prepared the report for Keystone.

42.     Upon information and belief, Plaintiffs are informed, believe and therefore aver that at the time Mr. Lewis prepared his report, Mr. Lewis was a licensed West Virginia engineer, but he was not a licensed West Virginia contractor.

43.     Upon information and belief, Plaintiffs are informed, believe and therefore aver that Mr. Lewis's engineering license in West Virginia is presently inactive.

44.     Keystone, an out-of-state company, through Mr. Lewis, valued Plaintiffs' damages at $18,894.01 and deducted an additional $1,784.68 for depreciation.

45.     Keystone's report failed to consider and evaluate several of the damages identified in both the Alliance Consulting and Radford & Radford Construction reports.

5

46.     On January 9, 2024, Defendant provided Plaintiffs Keystone's report, wherein Keystone estimated the replacement cost, prior to the deductible, at $18,894.01.

47.     Because Keystone evaluated the damages to the Property lower than Defendant, Defendant failed to revise its initial settlement offer of the Property damage claim.

48.     In its January 9, 2024 letter, Defendant noted that it was still in the process of evaluating Fast Law Office's claim for business interruption.

49.     With the Claim still unresolved, on or around August 21, 2024, Plaintiffs retained counsel.

50.     Following receipt of Plaintiffs' retention of counsel, Defendants retained JS Held, LLC to inspect the Property, Defendant's third inspector sent on this Claim.

51.     Jared Whitehead ("Mr. Whitehead") inspected the Property for JS Held on December 5, 2024.

52.     Upon information and belief, unlike Mr. Lewis, Mr. Whitehead was a licensed West Virginia engineer, but not a licensed West Virginia contractor.

53.     JS Held increased the estimate of repairs to the Property to $48,547.29.

54.     Defendant subsequently issued a payment of $48,547.29, which it asserted reflected the full and fair value of the covered loss to the Property, holding out and representing that the damaged building could be fully and properly repaired, per the Policy, for that amount.

55.     Plaintiffs retained Seven Gables Construction, Inc. ("Seven Gables") to evaluate the Property.

56.     Seven Gables operates a construction business in Fayetteville, West Virginia, and performs a significant amount of residential and commercial construction in Fayette County, West Virginia.

57.     On June 12, 2024, Seven Gables provided an estimate to repair the Property for $162,707.00.

58.     Plaintiffs submitted this estimate to Farm Family, along with a formal demand letter dated March 12, 2025.

59.     On March 12, 2025, Plaintiffs, through counsel, issued a demand to resolve the damage to the Property for $170,996.46.

60.     On or about March 26, 2025, Defendant, through counsel, declined Plaintiffs' request for additional payment, asserting a dispute over the scope of damages and proposing a joint inspection.

61.     Despite rejecting Plaintiffs' offer, Defendant requested, for a fourth time, to inspect Plaintiffs' Property.

62.     As part of this inspection, Defendant requested that Seven Gables accompany Defendant on this inspection.

63.     On April 1, 2025, Defendant, for a fourth time, inspected the Property with Seven Gables present at Defendant's request.

64.     Despite almost two years and four Property inspections as of the time of the filing of this Complaint, Defendant failed to conduct a reasonable and thorough investigation, disregarded credible and objective evidence substantiating the extent of the loss, and unreasonably undervalued the Claim.

65.     Despite almost two years, Defendant failed to offer Plaintiffs payments for other coverages under their Policy.

66.     Despite almost two years, Defendant failed to keep Plaintiffs updated on their investigation efforts.

7

67.     Despite almost two years, Defendant continually ignored Plaintiffs' estimates, and, rather, continually resorted to claims that it needed more inspections of the Property.

68.     As a direct and proximate result of Farm Family's conduct, Plaintiffs incurred substantial out-of-pocket expenses, suffered business disruption and related financial harm, loss of use of the front area of building, and significant damage to the building for almost two years.

## Count I – Breach of Contract

69.     Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

70.     The Policy constituted a valid and enforceable contract between Plaintiffs and Defendant.

71.     Plaintiffs fully complied with all obligations and conditions precedent under the Policy.

72.     Rather than paying the clearly identified amount to pay what it would take to repair the Property back to its pre-loss condition, Defendant ignored the Policy and Plaintiffs' estimates and forced Plaintiffs into litigation by offering pittance and trying to get Plaintiffs to accept that amount even though entitled to more under the Policy.

73.     Defendant breached the Policy by failing to pay the full amount owed for the covered loss in accordance with the Policy's terms.

74.     As a direct and proximate result of Defendant's breach, Plaintiffs suffered damages, including, but not limited to, compensatory damages under Policy, loss of use, business interruption, and diminution in property value.

## Count II – Common Law Bad Faith

75. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

76. Under West Virginia common law, insurers owe a duty of good faith and fair dealing to their insureds in handling claims.

77. Through Defendant's actions described herein and its refusal to pay Plaintiffs the entirety of damages arising from the covered loss, Defendant breached its common law duty of good faith and fair dealing to Plaintiffs, such that its conduct amounts to "common law bad faith."

78. In particular, through its actions and refusal to pay Plaintiffs the entirety of damages arising from the covered loss, Defendant breached its duty of good faith and fair dealing by failing to conduct an adequate, timely, and thorough investigation to determine the policy benefits due and owing to Plaintiffs in connection with the damage to the Property and by refusing to pay applicable policy benefits without a factual or legal basis; and by favoring its own interests over the interests of its insured.

79. Under West Virginia law, when "a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience." Syl. pt. 1, *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W. Va. 323, 352 S.E.2d 73 (1986).

80. Plaintiffs are entitled to recover the benefits due and owing under the Policy, as well as additional extra-contractual damages under *Hayseeds* and its progeny for Farm Family's bad faith, including pre- and post-judgment interest.

81.     Defendant's actions were willful, wanton, vexatious, and in reckless disregard of Plaintiffs' rights.

82.     As a result, Plaintiffs are entitled to recover compensatory damages, emotional distress damages, and punitive damages.

## Count III – Violations of the WVUTPA

83.     Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

84.     Defendant is engaged in the business of insurance and is subject to the West Virginia Unfair Trade Practices Act, West Virginia Code § 33-11-4.

85.     Defendant violated West Virginia Code § 33-11-4(9) by engaging in unfair claims settlement practices, including:

a.     Failing to attempt in good faith to effectuate prompt, fair, and equitable settlements where liability was reasonably clear;

b.     Failing to adopt and implement reasonable standards for the prompt investigation of claims;

c.     Refusing to pay claims without conducting a reasonable investigation based upon all available information;

d.     Compelling insureds to institute litigation to recover policy benefits by offering substantially less than the amounts ultimately recovered;

e.     Failing to provide reasonable explanations for claim denials or underpayments.

86.     Defendant violated the Insurance Regulations set forth in W. Va. Code R. § 114-14-4 by failing to disclose all pertinent benefits, coverages or other provisions of the Policy.

87.     Defendant violated the Insurance Regulations set forth in W. Va. Code R. § 114-14-5 by failing to provide timely responses to pertinent communications.

88.     Defendant violated multiple subsections of West Virginia Insurance Regulation § 114-14-6 by deliberately making an unreasonably low settlement offer, disregarding Plaintiffs' credible independent estimate without adequate justification (§ 114-14-6.4(b)); failing to timely notify Plaintiffs in writing of reasons for delaying and denying full payment (§§ 114-14-6.3, 6.7); repeatedly requesting unnecessary or previously-provided documentation, thereby unreasonably delaying the investigation and resolution of the claim (§ 114-14-6.1); and improperly refusing to promptly pay undisputed portions of Plaintiffs' claim, using withheld payments to pressure Plaintiffs into accepting the inadequate settlement (§ 114-14-6.10).

89.     Defendant's actions reflect a general business practice and were carried out knowingly, willfully, and in bad faith.

90.     Plaintiffs are entitled to all remedies available under the statute, including compensatory and punitive damages, attorney's fees, and litigation costs.

## Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Farm Family as follows:

A.     For compensatory damages in an amount to be determined at trial.

B.     For consequential and incidental damages resulting from Farm Family's conduct.

C.     For punitive damages sufficient to punish Farm Family and deter similar conduct.

D.     For pre- and post-judgment interest as permitted by law.

E.     For reasonable attorney's fees and costs as authorized by law.

F.     For such other and further relief as the Court deems just and proper.

**Plaintiffs Demand a Trial by Jury on all Issues so Triable.**

**FAST LAW OFFICE LC**
**FAST ENTERPRISE COMPANY**
By Counsel,

/s/ Joshua A. Lanham
Patrick C. Timony (WVSB #11717)
Joshua A. Lanham (WVSB #13218)
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia 25301
Phone:  (304) 347-1100
ptimony@bowlesrice.com
jlanham@bowlesrice.com
*Counsel for Plaintiffs*

12

/s/ Thomas K. Fast
Circuit Court Judge
Ref. Code: 259RSB07X

### In the Circuit Court of Fayette County, West Virginia

**Fast Law Office LC,**
**Fast Enterprise Company,**
Plaintiffs,

v.

**Farm Family Casualty Insurance**
**Company,**
Defendant

Case No. CC-10-2025-C-60
Judge Thomas K. Fast

### REASSIGNMENT ORDER

The above styled case was assigned to the Honorable Thomas K. Fast. However, there is a disqualifying conflict that prohibits him presiding over this case.

Therefore, Judge Fast hereby, *sua sponte*, **RECUSES** himself from presiding in the above-styled case.

Accordingly, it is **ORDERED** that the Circuit Clerk, forthwith, **REASSIGN** above-styled civil action to Judge Thomas H. Ewing.

The Clerk shall provide attested copies of this Order to **Judge Thomas H. Ewing and Joshua Allen Lanham,** Counsel for Plaintiffs.

**ENTERED** this the 8th day of April 2025.

**/s/ Thomas K. Fast**
Circuit Court Judge
15th Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.



West Virginia E-Filing Notice

CC-10-2025-C-60

Judge: Thomas H. Ewing

**To:**   Joshua Allen Lanham
jlanham@bowlesrice.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA
Fast Law Office LC v. Farm Family Casualty Insurance Company
CC-10-2025-C-60

This notice of judge reassignment was FILED on 4/8/2025 10:17:43 AM

Notice Date:      4/8/2025 10:17:43 AM

Original Judge:  Thomas K. Fast
New Judge:        Thomas H. Ewing

Travis W. Prince
CLERK OF THE CIRCUIT COURT
Fayette County
100 North Court Street
FAYETTEVILLE, WV 25840

(304) 574-4249

 West Virginia E-Filing Notice

CC-10-2025-C-60

Judge: Thomas H. Ewing

**To:** Farm Family Casualty Insurance Company
344 Route 9W
Glenmont, NY 12077

# NOTICE OF FILING

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA
Fast Law Office LC v. Farm Family Casualty Insurance Company
CC-10-2025-C-60

This notice of judge reassignment was FILED on 4/8/2025 10:17:43 AM

Notice Date:    4/8/2025 10:17:43 AM

Original Judge:  Thomas K. Fast
New Judge:      Thomas H. Ewing

Travis W. Prince
CLERK OF THE CIRCUIT COURT
Fayette County
100 North Court Street
FAYETTEVILLE, WV 25840

(304) 574-4249

FILED | 4/18/2025 11:26 AM
CC-10-2025-C-60
Fayette County Circuit Clerk
Travis W. Prince

## ADMINISTRATIVE ORDER

## SUPREME COURT OF APPEALS OF WEST VIRGINIA

RE:  TEMPORARY ASSIGNMENT OF THE HONORABLE AMY L. MANN TO THE CIRCUIT COURT OF FAYETTE COUNTY IN THE FIFTEENTH JUDICIAL CIRCUIT TO PRESIDE OVER FAST LAW OFFICE, LC; FAST ENTERPRISE COMPANY V. FARM FAMILY CASUALTY INSURANCE COMPANY, FAYETTE COUNTY CIRCUIT COURT CASE NO. 25-C-60

By letter dated April 15, 2025, the Honorable Thomas H. Ewing, Chief Judge of the Fifteenth Judicial Circuit, advised the Chief Justice of the Supreme Court of Appeals that the above-styled case was transferred to his docket following the voluntary recusal of the Honorable Thomas K. Fast, Judge of the Fifteenth Judicial Circuit. Judge Ewing has requested to be voluntarily recused from presiding over this case.

The Chief Justice, upon review of the reasons for the recusal, deems the same to be warranted.

IT IS THEREFORE ORDERED that Judge Ewing's request for voluntary recusal is granted.

IT IS FURTHER ORDERED that the Honorable Amy L. Mann, Judge of the Thirtieth Judicial Circuit, be, and she hereby is, assigned to the Circuit Court of Fayette County in the Fifteenth Judicial Circuit under the provisions of Article VIII, § 3 of the Constitution of West Virginia for the purpose of presiding over the above-styled case.

IT IS FURTHER ORDERED that the Circuit Clerk of Fayette County record this Order and provide copies of the same to all parties of record or their counsel.

ENTERED: APRIL 17, 2025

WILLIAM R. WOOTON
Chief Justice



West Virginia E-Filing Notice

CC-10-2025-C-60

Judge: Amy L. Mann

**To:**  Joshua Allen Lanham
jlanham@bowlesrice.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA
Fast Law Office LC v. Farm Family Casualty Insurance Company
CC-10-2025-C-60

This notice of judge reassignment was FILED on 4/18/2025 11:10:02 AM

Notice Date:      4/18/2025 11:10:02 AM

Original Judge:  Thomas H. Ewing
New Judge:      Amy L. Mann

Travis W. Prince
CLERK OF THE CIRCUIT COURT
Fayette County
100 North Court Street
FAYETTEVILLE, WV 25840

(304) 574-4249



West Virginia E-Filing Notice

CC-10-2025-C-60

Judge: Amy L. Mann

**To:** Farm Family Casualty Insurance Company
344 Route 9W
Glenmont, NY 12077

# NOTICE OF FILING

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA
Fast Law Office LC v. Farm Family Casualty Insurance Company
CC-10-2025-C-60

This notice of judge reassignment was FILED on 4/18/2025 11:10:02 AM

Notice Date:      4/18/2025 11:10:02 AM

Original Judge:  Thomas H. Ewing
New Judge:       Amy L. Mann

Travis W. Prince
CLERK OF THE CIRCUIT COURT
Fayette County
100 North Court Street
FAYETTEVILLE, WV 25840

(304) 574-4249





## In the Circuit Court of Fayette County, West Virginia

**Fast Law Office LC,**
**Fast Enterprise Company,**
Plaintiffs,

v.

**Farm Family Casualty Insurance**
**Company,**
Defendant



Case No. CC-10-2025-C-60
Judge Amy L. Mann

### Order Setting Hearing

On this day, it appearing proper to do so, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. This matter is hereby scheduled for Civil docket on 5/30/2025 10:30 AM at via Microsoft Teams for the purpose of status hearing.

2. The Clerk is directed to provide a copy of this order to counsel of record, as notice that the hearing date has been scheduled, if not registered for electronic notification.

**/s/ Amy L. Mann**
Circuit Court Judge
15th Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.